IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DEWEY J. TONEY and
ZENITH TONEY,
    Plaintiffs,
     v.

BOARDWALK REGENCY
CORPORATION,
doing business as
CAESARS ATLANTIC CITY,
    Defendant.

CIVIL NO. 08-4072(NLH)(KMW)

OPINION

**APPEARANCES:**

MARK S. GURALNICK
BLOOMFIELD BUSINESS PARK
411 BLOOMFIELD DRIVE, SUITE 5
WEST BERLIN, NJ 08091

    On behalf of plaintiffs

RUSSELL L. LICHTENSTEIN
WILLIAM M. DAVIS
NANCY ANN VALENTINO
COOPER, LEVENSON, APRIL, NIEDELMAN & WAGENHEIM, PA
1125 ATLANTIC AVENUE
THIRD FLOOR
ATLANTIC CITY, NJ 08401-4891

    On behalf of defendant

**HILLMAN**, District Judge

    Presently before the Court is defendant's motion for summary judgment on plaintiffs' claims concerning a slip and fall accident that occurred on defendant's premise. For the reasons expressed below, defendant's motion will be granted.

**BACKGROUND**

    On August 18, 2006, plaintiff Dewey Toney was walking through defendant Caesars' casino when he slipped and fell. Mr. Toney did

not know what caused him to slip and fall, but the casino's "Mishap Report" and video surveillance revealed a red, jelly-like substance in the location of Mr. Toney's fall. The report described the substance as a maraschino cherry that appeared to be "crushed and smeared."

As a result of the fall, Mr. Toney sustained a massive rotator cuff tear, requiring surgical intervention, extensive therapy and rehabilitation on his right shoulder. Mr. Toney alleges that defendant had a duty to maintain its premise in a safe condition, and that defendant failed in this duty by not removing the dangerous condition of which it knew, or should have known. Accordingly, Mr. Toney claims that defendant is liable for his injury, pain and suffering, and other damages, and Mrs. Toney claims that defendant is liable for the loss of her husband's consortium, care and companionship.

Defendant has moved for summary judgment, arguing that plaintiffs have not identified any facts that must be presented to a jury for determination as to whether defendant breached its duties to plaintiffs. Plaintiffs have opposed defendant's motion.

## DISCUSSION

**A.   Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

B.   **Summary Judgment Standard**

Summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  Id. In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor."  Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.  Thus, to withstand a properly supported motion for

summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

**C.    Analysis**

The law on premises liability for business invitees has been long-established, and the New Jersey Appellate Division has recently applied it in an almost identical set of circumstances. In Collier v. Borgata Hotel Casino & Spa, 2009 WL 2707359 (N.J. Super. Ct. App. Div. Aug. 31, 2009), the plaintiff approached a revolving door at the Borgata casino to check on the weather conditions outside:

> "[A] surveillance recording played at trial [] showed him entering a revolving door and immediately falling. He did not see anything on the floor, any signs, or any washers. The weather was clear. The tile floor was shiny and glowing. He remembered his right foot jamming the door in front of him and his left leg was pinned below him when he fell. A male Borgota security officer asked if he required assistance. Plaintiff remembered feeling water on the floor around him; his hand and buttocks were soaked. The security officer said, 'There's water in there,' and left to get housekeepers to place warning signs. Security guards helped plaintiff out of the door and asked him if he needed help."

Id. at *5. The plaintiff subsequently sued the Borgata for breach of its duty of care in maintaining its premises.

4

The Appellate Division noted that in order to make out a *prima facie* case of premises liability[1], a plaintiff is required to show either (1) that defendant knew of the unsafe condition for a period of time prior to plaintiff's fall sufficient to permit defendant in the exercise of reasonable care to have corrected it; or (2) that the condition had existed for a sufficient length of time prior to plaintiff's injury that in the exercise of reasonable care defendant should have discovered its existence and corrected it. Collier, 2009 WL 2707359, at *5 (citing Parks v. Rogers, 176 N.J. 491, 498 n. 3 (2003) (duty owed to a business visitor requires property owner to conduct a reasonable inspection of premises and guard against any dangerous conditions of which owner knew or should have known); Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003) (business owners owe a duty to invitees to "discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe"); accord Bauer v. Nesbitt, 198 N.J. 601, 615 (2008) (such a duty is appropriate because business owners are in "the best position to prevent and control the risk of harm to their patrons and others" (citation and internal quotations

---

[1] As an invitee, defendant owed a duty to plaintiffs to provide a "reasonably safe place to do that which is within the scope of the invitation," and this duty includes the obligation to "use reasonable care to make the premises safe, including the duty to conduct a reasonable inspection to discover defective conditions." Filipowicz v. Diletto, 796 A.2d 296, 300 (N.J. Super. Ct. App. Div. 2002).

omitted))).  The <u>Collier</u> court then found, in the context of determining whether a new trial was warranted on an evidence issue, that plaintiff had not shown how long the water was on the floor, and without that proof, "no reasonable jury could have concluded that defendant had sufficient time in which to exercise reasonable care to remove the water from the floor or should have discovered its existence and corrected it."[2]  <u>Id.</u>

In this case, defendant has moved for summary judgment, arguing that plaintiffs have similarly failed to prove their *prima facie* case.  Defendant argues as a primary matter that simply because Mr. Toney fell and hurt himself on its premises, it is not automatically liable.  More specifically, defendant argues that because Mr. Toney did not know what caused him to fall, his fall cannot be attributable to it.  Further, defendant argues that it cannot be held liable because plaintiffs have failed to demonstrate that defendant had any actual or constructive knowledge of a dangerous condition.

In opposition, plaintiffs argue that even though at the moment of Mr. Toney's fall he did not know what caused it, he knew he slipped on something slick.  Further, the investigation of the location of his fall reveals a crushed and smeared red, jelly-like

---

[2]The Court also noted that "defendant established that it exercised reasonable care to make inspections of its property through the employment and assignment of rovers responsible for casino and lobby safety."

substance, which defendant's employee described as a maraschino cherry.  Plaintiffs also argue that because the substance was "crushed and smeared," that indicates that it had been on the floor for "some period of time" before Mr. Toney's fall.  Plaintiffs also contend that "the cherry would only become crushed and smeared on the flooring when other individuals stomp on it and smear it on the ground with their shoes."  (Pl. Opp. at 9.)  Additionally, plaintiffs point out that the numerous surveillance videos in the casino would reveal the length of time the smeared cherry remained on the floor.  Thus, plaintiffs argue that a jury could infer that defendant should have known about the condition, and that it failed in its duty to properly maintain its premises.

   Even drawing all inferences in favor of plaintiffs, they have failed to demonstrate an issue of material fact to send to a jury.  It is plaintiffs' burden to show that defendant knew of the unsafe condition for a period of time prior to Mr. Toney's fall sufficient to permit defendant in the exercise of reasonable care to have corrected it.  Alternatively, it is plaintiffs' burden to establish that the condition had existed for a sufficient length of time prior to Mr. Toney's injury that in the exercise of reasonable care defendant should have discovered its existence and corrected it.  Plaintiffs have failed on both these burdens.

   Although plaintiffs contend that video surveillance would reveal the length of time the cherry was on the floor, and

7

therefore establish defendant's actual or constructive knowledge of it, plaintiffs have not produced such evidence.[3]  Further, the condition of the cherry--being smashed and smeared--is not evidence of its length of time on the floor.  Although the cherry could have been on the floor a long time, it could have also dropped from another patron's drink moments before Mr. Toney walked by.[4]  Moreover, Mr. Toney himself may have stepped on a whole cherry and smashed and smeared it through his fall.

Regardless, however, of the numerous scenarios of how or when the cherry ended up crushed on the floor, plaintiffs have not provided any evidence to support that defendant knew about it, or should have known about it.  Premises liability is not strict liability.  As defendant recognizes, it is unfortunate that Mr. Toney fell and hurt himself while visiting the Caesars' casino, but simply because Mr. Toney fell on a dropped cherry does not

---

[3] Plaintiffs have provided still photographs from video surveillance of the condition at the time of Mr. Toney's fall, but not any time-lapsed video to show how long the smashed cherry remained on the floor.

[4] Plaintiffs do not contend that defendant created the dangerous condition. Cf. Collier, 2009 WL 2707359, at *5 (citing Craggan v. Ikea USA, 332 N.J. Super. 53, 61 (App. Div. 2000) ("notice, actual or constructive, of a dangerous condition is not required when the shopkeeper, through acts of its agents or patrons, creates a dangerous condition"); O'Shea v. K Mart Corp., 304 N.J. Super. 489, 493-94 (App. Div. 1997) (notice not required where proprietor of a golf store stacked heavy, cumbersome bags in an unsafe fashion and failed to provide customer assistance, resulting in a customer who was injured when she tried to remove a bag)).

automatically cause defendant to be liable for plaintiff's damages. A jury is not permitted to speculate as to whether defendant's alleged negligence caused plaintiffs' injuries. Fedorczyk v. Caribbean Cruise Lines, Ltd., 82 F.3d 69, 75 (3d Cir. 1996) ("Simply put, increased risk of harm due to a defendant's negligence, standing alone, does not permit an inference that an injury, more probably than not, was caused by the negligence.") Thus, as in Collier, because plaintiffs have not met their burden of establishing a disputed issue of fact regarding defendant's actual or constructive knowledge of the dangerous condition, summary judgment must be entered in defendant's favor.[5]

    An appropriate Order will be entered.


Date: January 13, 2010                    s/ Noel L. Hillman

At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

[5] Although it would be helpful to defendant's case to demonstrate, like in Collier, that it exercised reasonable care to make inspections of its property, it is plaintiffs' burden to prove their *prima facie* case, which may include evidence that defendant failed to make the appropriate inspections. There is no evidence in the record, however, regarding defendant's procedures regarding floor maintenance.

9